# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| BEAL SERVICE CORP. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-CV-118 |
| | § | |
| OPEN SOLUTIONS, INC. | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On June 1, 2009, the report of the Magistrate Judge was entered containing proposed findings of facts and recommendations that Plaintiff's Motion for Temporary Injunction (Doc. No. 15) be DENIED.

This case involves a contract dispute between Plaintiff Beal Services Corporation and Defendant Open Solutions, Inc., a data processing service provider. In its Motion for Preliminary Injunction, Plaintiff wants Defendant ordered to perform the contract that is at the heart of this litigation. Specifically, Plaintiff wants Defendant to start a "De-conversion" process so that Plaintiff can switch to a new service provider. The Court looks critically at a party's request for preliminary relief that "goes well beyond simply maintaining the status quo." *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976).

The parties have submitted their briefing on the issues. The parties also have submitted several exhibits. Furthermore, Magistrate Judge Mazzant held a full evidentiary hearing on May 13, 2009, including the testimony of four witnesses and oral argument. Judge Mazzant issued a Report and Recommendation that the Court deny Plaintiff's Motion for Preliminary Injunction. The parties

have further briefed the issues in response to Judge Mazzant's Report and Recommendation.

The Court, having made a *de novo* review of the objections raised by Plaintiff (Doc. No. 43), Defendant's response to Plaintiff's objections (Doc. No. 45), and Plaintiff's Reply (Doc. No. 46), is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit. Out of an abundance of caution and following the Court's *de novo* review of the full record–including the parties' exhibits and the transcript of the preliminary injunction hearing held on May 13, 2009–this Order sets forth this Court's findings of facts and conclusions of law upon which this Order relies. Any finding of fact more properly characterized as a conclusion of law should be construed as such. Any conclusion of law more properly characterized as a finding of fact should be construed as such.

## FINDINGS OF FACT

1. Plaintiff Beal Services Corporation and Defendant Open Solutions, Inc. entered into a Data Processing Services Agreement (the Agreement) on March 29, 2007. Under the Agreement, Defendant agreed to host Plaintiff's customer accounts on Defendant's computer system.
2. The initial term of the Agreement began on May 10, 2008 and extended for eighty-four (84) months.
3. Plaintiff terminated the Agreement by letter dated January 28, 2009.
4. Plaintiff complained to Defendant regarding the system's speed as early as May 13, 2008.
5. Section 5(D) of the Agreement required Defendant to perform at certain service levels set forth in Exhibit B of the contract. Specifically, the service level expectation complained of is located in Section B.1.2 of Exhibit B and requires that Defendant's system process certain simple requests within two seconds.

6. The two-second response time set forth in Section B.1.2 of Exhibit B "shall be measured from the time when the host system's software receives the transaction from the network to the time the system passes the results back to the network for display to the end user."

7. Looking at the evidence received at this preliminary stage, specifically, the testimony of Mr. Bradley Windle, one of Plaintiff's computer engineers, and Rich Kelso, Defendant's Vice President of Shared Services Organization, the Court finds an insufficient basis to conclude that Defendant failed to meet the two-second response time required under the contract.

8. Section 2(E) provides for liquidated damages to Defendant if Plaintiff prematurely terminates the contract. Plaintiff has not paid Defendant under this provision.

9. Section 9A and 9B of the Agreement set forth the procedure upon termination of the Agreement:

>   A.  Upon the termination of this Agreement for any reason, OSI will dispose of all Client Files in accordance with <u>Exhibit C</u> attached to this Agreement or at Client's expense in accordance with Client's written instructions which must be delivered to OSI within thirty (30) days after such termination.
>
>   B.  At Client's request as set forth in Paragraph 9(A), OSI shall deliver to Client all of the Client Files then retained by OSI including file layouts and their descriptions in OSI format and shall provide in accordance with OSI de-conversion policies, reasonable and necessary assistance with the de-conversion from the OSI System to a non-OSI system ("<u>De-conversion</u>") with no material degradation in quality or performance during the period in which Client is being deconverted from the OSI System until the effective date of termination. Client shall pay OSI for De-conversion assistance in accordance with OSI's then-current De-conversion rate schedule. OSI agrees to provide De-conversion related service to Client (in consideration of payment of the applicable charges therefore), in order to facilitate the transfer of data to an alternate service

> provider. OSI agrees that the charges applicable to its standard package of De-conversion services (which shall include two ((2) cuts of data (test and live) and twenty (20) hours of Remote Consultation/Assistance) shall not exceed $50,000, and OSI's retail pricing shall apply to any additional service items requested by Client in connection with De-conversion. Payment for De-conversion, together with all other payments, which are due and will become due pursuant to the provisions of this Agreement, shall be paid to OSI prior to delivery of such Client Files.

10. Plaintiff has tendered $75,000 to Defendant, the total cost of De-conversion services, as required under the contract.

11. The evidence at this preliminary stage shows a reasonable likelihood that the terms "Client Files" and "De-conversion" are substantially overlapping as defined in the contract.

12. The evidence at this preliminary stage also shows a reasonable likelihood that the parties intended for Plaintiff to pay "all other payments, which are due and will become due pursuant to" the parties' Agreement before Defendant had to perform the De-conversion.

13. Plaintiff has experienced tremendous growth during its relationship with Defendant, even after issues arose between the parties. Specifically, Plaintiff has doubled in size and added at least five branches during its relationship with Defendant.

14. The requested injunction would not leave Defendant without a remedy. Defendant would have full resort to the Courts, and the evidence demonstrates that Plaintiff has the financial ability to pay future judgments against it.

## CONCLUSIONS OF LAW

1. A preliminary injunction is an extraordinary and drastic remedy, and as such, should not be

granted routinely. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985). Plaintiff must "clearly carry the burden" before an injunction should issue. *Id.* at 573.

2. Plaintiff must prove: 1) a substantial likelihood of success on the merits; 2) a substantial threat of irreparable injury if the injunction does not issue; 3) that the threatened injury to Plaintiff outweighs the threatened harm Defendant will suffer if the injunction issues; and 4) the injunction will not disserve the public interest. *Canal Auth. v. Callaway*, 762 F.2d 464, 572 (5th Cir. 1974).

**A Substantial Likelihood of Success on the Merits**

3. Because Plaintiff has not shown the Court that Defendant failed to satisfy the service level requirements under Exhibit B of the Agreement, the Court concludes that Plaintiff has failed to prove a substantial likelihood that it will prevail at trial on the issue of whether Defendant breached the Agreement. Accordingly, Defendant may be entitled to liquidated damages under Section 2(E) of the Agreement.

4. Plaintiff must prove that it has a substantial likelihood of success on the merits. *Id.* In this case, Plaintiff may satisfy this burden by a showing that either 1) Plaintiff owes no other fees under the contract; or 2) Plaintiff is entitled to the De-conversion services regardless of other fees owed by Plaintiff under the contract.

5. The Court shall determine as a matter of law whether a contract is ambiguous. *Temple-Inland Forest Products Corp. V. United States*, 988 F.2d 1418, 1421 (5th Cir. 1993). A contract is ambiguous only if, after applying established rules of contract interpretation, the written instrument at issue remains reasonably susceptible to more than one meaning. *Triad Elec. & Controls, Inc. v. Power Systems Engineering, Inc.*, 117 F.3d 180, 191 (5th Cir. 1996).

6. Based on a review of the contract's plain language, the Court finds that the contract is ambiguous as to the distinction between Client Files and De-conversion.

7. Based on the ambiguity between Client Files and De-conversion services and based on the contract's language requiring payment of all amounts due under the contract before transfer of Plaintiff's Client Files, Plaintiff has failed to prove that it has a substantial likelihood of proving its entitlement to the De-conversion without first paying all funds due under the contract.

8. Plaintiff has failed to present sufficient evidence that it is entitled to De-conversion without first paying liquidated damages under Section 2(E) of the Agreement, thus Plaintiff has failed to show a substantial likelihood of success on the merits.

### A Substantial Threat of Irreparable Injury

9. Based on the Court's findings that Plaintiff has continued to thrive, despite Plaintiff's dissatisfaction with Defendant's product, Plaintiff has failed to show a substantial threat of irreparable injury if the Court does not issue the requested injunction.

### Balance of Hardship

10. Since neither party has demonstrated a threat of hardship in light of these proceedings, the Court finds that this factor is neutral.

### Public Interest

11. It would disserve the public interest to force Defendant to provide De-conversion services since Plaintiff has not shown that it is entitled to De-conversion without paying under the liquidated damages provision of the Agreement. The public has an interest in parties living up to their agreements.

12. Plaintiff has failed to make the necessary showing that it is entitled to a preliminary injunction.

Accordingly, it is hereby ordered that Plaintiff's Motion for Temporary Injunction (Doc. No. 15) is DENIED. The Court adopts the Magistrate Judge's Report and Recommendation and overrules all of Plaintiff's objections.

**It is SO ORDERED.**

**SIGNED this 12th day of June, 2009.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE